# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>RICHARD CALLAGHAN,<br><br>　　　　　　Debtor.<br>_____<br>JOHN SA DOE,<br><br>　Plaintiff,<br><br>　v.<br><br>RICHARD CALLAGHAN,<br><br>　Debtor. | Chapter 7<br><br>Case No. 9:20-bk-00734-FMD<br><br>Adversary Proceeding No. _____ |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(6)

　　　The Plaintiff, John SA Doe (hereinafter referred to as "Plaintiff"), files this Complaint objecting to dischargeability of debt of Richard Callaghan (hereinafter referred to as "Debtor") pursuant to 11 U.S.C. § 523, and in support thereof, states as follows:

### JURISDICTION

　　　1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C.

§ 1334, 11 U.S.C §§ 523, and Federal Rule of Bankruptcy Procedure 7001.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 157(b)(2)(J), since this is a proceeding objecting to discharge and to determine dischargeability of particular debts.

## THE PARTIES

3. Plaintiff is a creditor of Debtor, seeking a judgment against Debtor resulting from the sexual abuse perpetrated upon the Plaintiff in an amount appropriate to compensate the Plaintiff and punish the Debtor. On August 5, 2019, the Plaintiff filed an action in the Superior Court of the State of California, County of San Diego, *John SA Doe v. Doe 1, et al.*, Case No.: 37-201940041395-CU-PO-CTL (hereinafter referred to as the "Action"). Final judgment in the Action has not been entered and the matter has been Automatically Stayed as to the Debtor, pursuant to 11 U.S.C. §362.

4. Defendant Richard Callaghan (the "Debtor") is believed to be a resident of the State of Florida.

## FACTS

5. The Action alleges causes of action for sexual harassment, sexual battery, and assault arising out of the intentional sexual abuse of the Plaintiff perpetrated by the Debtor beginning in or around 1999 during the time the Plaintiff was a figure skater, and continuing to in or around 2001.

6. Plaintiff, an aspiring figure skater, first met Debtor when Debtor was coaching and the Plaintiff observed a practice. In awe of Debtor, and his prominence in the sport, the Plaintiff was starstruck when Debtor offered him an impromptu lesson at this first meeting. After a brief coaching session, Debtor told the Plaintiff and his parents that the Plaintiff had a natural talent in the sport, and that if he ever moved to Michigan (where Debtor coached full-time, at the time), Debtor would be willing to coach the Plaintiff. The Plaintiff, feeling lucky to be training with a coach of Debtor's stature in the sport, made arrangements with his parents to move to Michigan to live with his grandmother, and begin training with Debtor. Little did the Plaintiff know, that this

invitation to train with Debtor was the first step for Debtor to begin secluding the Plaintiff, sexually groom the Plaintiff and ultimately, sexually abuse him on numerous occasions including the Debtor touching the Plaintiff's body in a sexual manner, including but not limited to the Debtor touching the Plaintiff's genitals.

7. The complaint in the Action alleged that Debtor's act of sexual abuse upon the Plaintiff was intentional and that Debtor intentionally made sexual advances, solicitations, requests, demands for sexual compliance of a hostile nature based on Plaintiffs gender that were unwelcome, pervasive and severe.

8. Debtor engaged in activity intending to subject Plaintiff to numerous instances of sexual abuse and molestation by Debtor, and each of them, and were intended to cause harmful or offensive contact with Plaintiff's person or intended to put Plaintiff in imminent apprehension of such contact. The conduct engaged in by the Debtor, in sexually abusing, harassing and molesting the Plaintiff, was intentional and malicious as Debtor intended to touch the Plaintiff, a minor at the time, in a sexual manner and malicious, in that they were inherently injurious to the Plaintiff.

## COUNT I

### Determination of Dischargeability of Debt

9. The allegations contained in Paragraphs 1 through 8 are repeated and realleged, as if fully set forth herein.

10. As will be determined in the Action, Debtor intentionally did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person, including but not limited to being subjected to numerous instances of sexual abuse by Debtor, during Plaintiff's time as a minor athlete.

11. The debt owed to Plaintiff is for a willful and malicious injury by Debtor to Plaintiff.

12. The debt arising out of a future judgment in the Action in favor of Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). *See In re Love* 347 B.R. 362, 368–369 (Bankr. W.D. Mo. 2006) ("…any damages that Plaintiff obtains against Debtor, for his sexual

molestation of her on December 14, 2001, are nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and Plaintiff's Motion for Summary Judgment is granted.")

WHEREFORE, Plaintiff prays that the debt arising out of the judgment from the Action be determined nondischargeable as to Debtor, as for such other and further relief as the Court deems appropriate.

/s/ Adam D. Horowitz
Adam D. Horowitz, Esq. (Fla. Bar No. 376980)
HOROWITZ LAW
110 E Broward Blvd, Suite 1850
Fort Lauderdale, FL 33301-3541
Phone: (954) 641-2100
Fax:  (954) 828-0596

*Counsel to the Creditor Plaintiff*

/s/ *Mark J. Wolfson, Esq.*
Florida Bar No. 352756
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33609
Telephone: (813) 225-4119
Primary Email: mwolfson@foley.com
Secondary Email: crowell@foley.com

*Counsel to the Creditor Plaintiff*

MANLY, STEWART & FINALDI

/s/ Alex E. Cunny
Alex E. Cunny, Esq. (California Bar No. 291567)
(*Pro Hac Vice* Motion Pending)
MANLY STEWART & FINALDI
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990
Facsimile: (949) 252-9991
E-mail: acunny@manlystewart.com
*Counsel to Creditor Plaintiff, Pro Hac Vice to Be Filed*

4